# Exhibit D



**Key Equipment Finance**

Ls#: ▮▮▮▮9521

## Personal Guaranty
*Aircraft Promissory Note*

**FOR GOOD AND VALUABLE CONSIDERATION**, the receipt and sufficiency of which are hereby acknowledged, and in order to induce **KeyBank National Association, through its division Key Equipment Finance**, ("Lender") to make loans and extend credit to **STALLION AVIATION III LLC**, a Delaware limited liability company ("Borrower"), with its principal place of business at 100 Franklin Square Dr Ste 401, Somerset, NJ 08873-4174 for the financing of certain aircraft and related equipment (the "Equipment") pursuant to a Promissory Note, that certain Aircraft Loan Agreement dated as of ____12/29/2021____, by and between Borrower and Lender, and that certain Aircraft Security Agreement dated as of ____12/29/2021____, by and between Lender and **TVPX AIRCRAFT SOLUTIONS INC.**, a Utah corporation not in its individual capacity, but solely as Owner Trustee under the 2021 GV MSN 5298 Statutory Trust, ("Grantor"), and other Loan Documents, the undersigned, **MOSHE SILBER** ("Guarantor"), an individual residing at the address listed below, hereby absolutely unconditionally and irrevocably guarantees to Lender the full and prompt payment and performance by Borrower of all Obligations (as that term is defined below), on the terms and conditions set forth in this Guaranty. Under this Guaranty, the liability of Guarantor is unlimited and the obligations of Guarantor are continuing.

1. **Definitions**: The following words shall have the following meanings in this Guaranty:

   "Guaranty" means this Personal Guaranty made by Guarantor for the benefit of Lender.

   "Obligations" means the obligations of Borrower and Grantor under all of the now existing and hereafter executed Loan Documents, including, without limitation, all present and future promissory notes executed pursuant to, and/or secured by the Collateral pledged under the Aircraft Security Agreement, and/or the Aircraft Loan Agreement, and any other agreement, document to other instrument evidencing indebtedness, now or hereafter executed and delivered by Borrower to Lender or any assignee of Lender with respect to or in connection with the Loan Documents, and all amendments restatements, modifications, supplements, renewals and extensions of the foregoing, and including, without limitation, the payment when due of all payments (including, without limitation, principal and interest due on all of the indebtedness) and all other sums currently or hereafter owing by Borrower (or any other obligor) to Lender thereunder, including reasonable out of pocket costs, expenses and attorneys fees incurred by Lender in connection therewith.

   "Other Guarantor" means any other guarantor of the Obligations.

   "Other Guarantees" means any guaranty by any Other Guarantor.

Capitalized terms not otherwise defined herein have the meaning given in the Aircraft Loan Agreement between Lender and Borrower dated as of ____12/29/2021____.

2. **Nature of Guaranty**. Guarantor's liability under this Guaranty shall be absolute, primary and direct. Guarantor intends to guarantee at all times the performance and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of all Obligations. Lender shall not be required to pursue any right or remedy it may have against Borrower or Grantor under the Loan Documents or otherwise (and shall not be required first to commence any action or obtain any judgment against Borrower or Grantor) before enforcing this Guaranty against Guarantor. This Guaranty shall remain in full force and effect and shall not be terminable except: (a) with the proper written consent of Lender so long as any of the Obligations shall remain outstanding ; or (b) until terminated by the actual receipt by Lender by registered or certified mail of notice of termination from Guarantor or from the legal representative of any deceased Guarantor; provided, however, that such termination shall be applicable only to transactions having their inceptions thereafter, and rights and obligations arising out of transactions having their inception prior to such termination shall not be affected. Any such notice to Lender shall be delivered to Key Equipment Finance, 1000 S. McCaslin Blvd. Superior, CO 80027, Attention: Team Leader, Corporate Aircraft Finance, or such other address as Lender shall communicate to Guarantor.

3. **Guarantor's Representations and Warranties**. Guarantor warrants and represents to Lender that (a) the execution, delivery and performance of this Guaranty will not result in a breach of, or constitute a default under, or result in the creation of any security interest, lien, charge or encumbrance upon any property or assets of Guarantor pursuant to any loan agreement, indenture or contract to which Guarantor is a party or by or under which it is bound; (b) this Guaranty is executed at Borrower's and Grantor's request and not at the request of Lender; (c) the proceeds of the loans to be made by Lender to Borrower will result in a direct or indirect material economic benefit to Guarantor; (d) Lender has made no representation to Guarantor as to the creditworthiness of Borrower or Grantor; (e) Guarantor has means to and shall keep adequately informed regarding Borrower's and Grantor's financial condition and Lender shall have no obligation to disclose to Guarantor any information regarding Borrower or Grantor.

4. **Guarantor Waivers**. (a) Guarantor expressly waives and agrees not to assert or claim at any time any deductions to the amount guaranteed under this Guaranty for any claim of setoff, counterclaim, counter demand, recoupment or similar right, whether such claim, demand or right may be asserted by the Borrower, the Grantor, the Guarantor or any or all of the foregoing, in any action or proceeding, in any court, arising on, out of, under, by virtue of, or in any way relating to the Loan Documents, this Guaranty or the transactions contemplated thereby or hereby. Guarantor agrees that this Guaranty shall be valid, enforceable and unconditionally binding upon Guarantor regardless of: (i) the reorganization, merger or consolidation of Borrower or Grantor into or with another entity, corporate or otherwise, or the sale or other disposition of all or substantially all of the capital stock, business or assets of Borrower or Grantor,

respectively, to any other person or party; (ii) the death or dissolution of Borrower, Grantor, Guarantor or any Other Guarantor; (iii) the voluntary or involuntary bankruptcy (including a reorganization in bankruptcy) of Borrower, Grantor, Guarantor or any Other Guarantor; (iv) the granting by Lender of any indulgences or extensions to Borrower, Grantor, Guarantor or any Other Guarantor; (v) the assertion by Lender against Borrower, Grantor, Guarantor or any Other Guarantor of any of Lender's rights and remedies provided for under the Loan Documents or existing in its favor in law, equity or bankruptcy; (vi) the release of Borrower, Grantor, Guarantor or any Other Guarantor from any Obligations under the Loan Documents, this Guaranty or any Other Guarantees by Lender or by operation of law or otherwise; (vii) any invalidity, irregularity, defect or unenforceability of any provision of any of the Loan Documents, this Guaranty or any Other Guarantees; (viii) any defenses given to guarantors at law or in equity other than actual payment and performance of the Obligations; or (ix) the destruction, sale, modification or alteration of any item of the Equipment from any cause other than Lender's gross negligence or willful misconduct.  Notwithstanding the foregoing or anything contained elsewhere in this Guaranty to the contrary, nothing in this Guaranty shall be construed or operate to waive or alienate any "homestead" rights or protections Guarantor may have under any State constitution or law in the State in which Guarantor maintains his or her primary or principal residence.  Further notwithstanding anything contained elsewhere in this Guaranty to the contrary, nothing in this Guaranty shall be construed or operate to waive any claims or defenses Guarantor may have arising out of or related to the gross negligence or willful misconduct of Lender in connection with the Loan or the Aircraft.

(b) Guarantor hereby waives notice of and consents to (i) the financing by Borrower of the Equipment, and to any subleasing or other use of the Equipment permitted by Lender (regardless of who any such sublessee or user may be), (ii) all of the provisions of the Loan Documents, and any amendments, qualifications and extensions thereof, and any actions taken thereunder, and (iii) the execution by Borrower and Grantor of the foregoing documents and of any other agreements, documents and instruments executed by Borrower and Grantor in connection therewith. Guarantor further waives notice of Lender's acceptance of this Guaranty, of any default and non-payment and/or non-performance by Borrower or Grantor under the Loan Documents, of presentment, protest and demand, and of all other matters to which Guarantor might otherwise be entitled. Guarantor further agrees that this Guaranty shall remain and continue in full force and effect notwithstanding any renewal, modification or extension of the term of the Loan Documents or of the terms and conditions of the Loan Documents. Guarantor hereby expressly waives all notice of and consents to any such renewal, modification or extension, and to the execution by Borrower and Grantor of any documents pertaining to any such renewal, modification or extension. **GUARANTOR CONFIRMS THAT THE FOREGOING WAIVER IS INFORMED AND VOLUNTARY**.

5. **Lender Waiver**.  Lender shall not be deemed to have waived any rights under this Guaranty unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. Guarantor hereby agrees that the failure of Lender to insist in any one or more instances upon a strict performance or observance of any of the terms, provisions or covenants of this Guaranty or the Loan Documents, or to exercise any of its rights thereunder or hereunder, shall not be construed or deemed to be a waiver or relinquishment for the future of any such terms, provisions, covenants or rights, but such terms, provisions, covenants and rights shall continue and remain in full force and effect and shall be enforceable under this Guaranty. No delay or failure by Lender to exercise any right or remedy against Borrower, Grantor or any Other Guarantor will be construed as a waiver of that right or remedy or as a waiver of any right or remedy against Guarantor. All remedies of Lender against the Borrower, Grantor, Guarantor and the Other Guarantors are cumulative. Receipt by Lender of any payments or other sums payable under the Loan Documents with knowledge that Borrower has breached any of the terms, provisions or covenants of the Loan Documents shall not be deemed to be a waiver by Lender of such breach, or a release or relinquishment of any claim for future performance under the Loan Documents or this Guaranty.

6. **Subordination/Subrogation**.  (a) Guarantor specifically waives any and all rights of subrogation, reimbursement, indemnity, exoneration, contribution or any other claim which the Guarantor may now or hereafter have against the Borrower, Grantor or any other person or entity directly or contingently liable for Obligations guaranteed hereunder, or against or with respect to the Borrower's property (including, without limitation, property collateralizing the Loan Documents), arising from the existence or performance of this Guaranty.

(b) The liability of Guarantor under this Guaranty, and of any Other Guarantors, if any, under Other Guarantees given in favor of Lender in connection with the Loan Documents, shall be joint and several and shall be irrevocable, unconditional and absolute, continuing in full force and effect according to its terms, until all of the Obligations hereby guaranteed have been fully satisfied. Guarantor covenants and agrees that any indebtedness of Borrower and/or Grantor to Guarantor is hereby subordinated to the obligations of Borrower to Lender, and Grantor to Lender, and that after any default under the Loan Documents or any of the other documents evidencing the transactions contemplated hereby, Guarantor shall hold any funds received from Borrower or Grantor in trust for Lender to satisfy the obligations of Borrower and Grantor to Lender and shall forthwith deliver such funds to Lender in the form received.  This subordination of the indebtedness and other obligations shall continue until all of the Obligations have been paid, performed and satisfied in full.

7. **Assignment**.  This Guaranty is assignable by Lender without notice to Guarantor and Guarantor consents thereto. Guarantor's obligations under this Guaranty may not be delegated to any other person or entity without the prior written consent of Lender. Any assignee of Lender shall have all of the rights of Lender hereunder and may enforce this Guaranty against Guarantor with the same force and effect as if this Guaranty were given to such assignee in the first instance. This Guaranty shall inure to the benefit of Lender, and its successors and assigns, and shall be binding upon Guarantor and its heirs, administrators, successors and assigns.

8. **Severability/Governing Law**.  If any provision of this Guaranty is found by a court of competent jurisdiction to be prohibited or unenforceable, it shall be ineffective only to the extent of such prohibition or unenforceability, and such prohibition or unenforceability shall not invalidate the balance of such provision to the extent that it is not prohibited or unenforceable, nor invalidate the other provisions hereof, all of which shall be construed liberally in favor of Lender in order to effect the provisions hereof. THIS

DocuSign Envelope ID: DF8304A8-35FC-4D29-BF5D-181BAA9E5CF7
Case 1:24-cv-02610-JSR    Document 1-4    Filed 04/05/24    Page 4 of 4
THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.net

GUARANTY IS BEING DELIVERED IN, AND SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, INCLUDING ALL MATTERS OF CONSTRUCTION VALIDITY AND PERFORMANCE, WITHOUT GIVING EFFECT TO ANY CHOICE OF LAW OR CONFLICT OF LAWS (OTHER THAN SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW). ANY ACTION BETWEEN THE PARTIES ARISING OUT OF OR RELATING TO THIS GUARANTY OR THE TRANSACTIONS CONTEMPLATED HEREBY OR UNDER THE CAPETOWN TREATY, INCLUDING NON-CONTRACTUAL CLAIMS, SHALL BE BROUGHT IN ANY STATE OR FEDERAL COURT LOCATED IN THE STATE OF NEW YORK; PROVIDED, THAT AT LENDER'S SOLE OPTION, LENDER MAY BRING AN ACTION IN THE STATE WHERE GUARANTOR OR THE AIRCRAFT IS LOCATED. GUARANTOR IRREVOCABLY WAIVES OBJECTIONS TO THE JURISDICTION OF SUCH COURTS AND WAIVES ANY ARGUMENT THAT VENUE IN ANY SUCH FORUM IS NOT CONVENIENT.

9. **Jury Trial Waiver**. **GUARANTOR HEREBY WAIVES ALL RIGHT TO TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF OR RELATED TO THIS GUARANTY, THE LOAN DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED THEREBY, IN ANY ACTION OR PROCEEDING TO WHICH GUARANTOR MAY BE A PARTY, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE, INCLUDING WITHOUT LIMITATION ANY ACTION, COUNTERCLAIM OR OTHER PROCEEDING WHICH SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY, OF THE LOAN DOCUMENTS OR ANY PROVISION HEREOF OR THEREOF. THIS WAIVER IS MADE KNOWINGLY, WILLINGLY AND VOLUNTARILY BY GUARANTOR WHO ACKNOWLEDGES THAT NO REPRESENTATIONS HAVE BEEN MADE BY ANY INDIVIDUAL TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO THIS GUARANTY OR THE LOAN DOCUMENTS.**

**IN WITNESS WHEREOF**, Guarantor has executed this Guaranty as of _____12/29/2021_____.

MOSHE SILBER

By: _____
    DocuSigned by:
    [signature]
    D77B61EE1A0A4C1...

Address: 25 HIDDEN VALLEY DR
         SUFFERN, NY 10901-1304

SS#: [redacted]