# Exhibit N



March 26, 2024

**VIA FEDEX OVERNIGHT COURIER**

Mr. Moshe Silber
25 Hidden Valley Drive
Suffern, NY 10901

**NOTICE OF DEFAULT, ACCELERATION, AND IMPOSITION OF DEFAULT RATE OF INTEREST; DEMAND FOR PAYMENT**

Re: Assignment and Assumption Agreement and Modification of Loan Documents, dated October 17, 2023 (as the same has been and may be from time to time amended, restated, or otherwise modified in accordance with its terms, and together with the Original Loan Agreement (defined herein), the "Loan Agreement"), by and between Stallion Aviation LLC, as assignee and borrower (the "Borrower"), Stallion Aviation III LLC, as assignor, TVPX Aircraft Solutions Inc., not in its individual capacity, but solely as Owner Trustee under the TVPX 2021 GV MSN 5298 Business Trust, KeyBank National Association, through its division Key Equipment Finance as lender (the "Lender"), and TVPX Aircraft Solutions Inc., not in its individual capacity, but solely as Owner Trustee under the TVPX 2022 GV MSN 5265 Business Trust (the "Grantor"); Aircraft Loan Agreement, dated December 29, 2021 (as the same has been and may be from time to time amended, restated, or otherwise modified in accordance with its terms, the "Original Loan Agreement"); Aircraft Security Agreement, dated December 29, 2021 (as the same has been and may be from time to time amended, restated, or otherwise modified in accordance with its terms, the "Security Agreement"); and the Personal Guaranty, dated December 29, 2021 (as the same has been and may be from time to time amended, restated, or otherwise modified in accordance with its terms, the "Guaranty"), executed by Moshe Silber ("Guarantor") for the benefit of Lender.

Dear Mr. Silber:

Reference is made to the outstanding Loan (defined herein) to the Borrower under the Loan Agreement and the related Loan Documents (defined herein).

Further reference is made to the Loan Agreement, Security Agreement, Guaranty, and that certain Promissory Note, dated December 29, 2021, in the principal amount of $23,500,000.00 (the "Loan"), executed by Borrower in favor of Lender (as the same has been and may be from time to time amended, restated or otherwise modified in accordance with its terms, the "Note") and related agreements, instruments, and documents (collectively, as each may be amended, restated or otherwise modified in accordance with its terms, the "Loan Documents"). Capitalized terms used herein but not defined herein shall have the meanings given to them in the Loan Agreement.

By letter dated March 25th, 2024, we provided the Borrower and you with formal notice of the occurrence of an Event of Default under the Loan Agreement on account of Borrower's failure to observe certain covenants set forth in Sections 2.9, 2.11, and 2.14 of the Loan Agreement (the "Specified Loan Default"), Lender's acceleration of the Loan, Lender's imposition of the Default Rate, and Lender's demand for payment (the "Borrower Demand Letter"). As detailed in the Borrower Demand Letter, the total Indebtedness due as of March 25th, 2024 under the Loan is $19,646,574.89.

Further reference is hereby made to Section 2 of the Guaranty, which provides that, "Guarantor's liability under this Guaranty shall be absolute, primary, and direct. Guarantor intends to guarantee at all times the

Stallion Aviation LLC
Guaranty
March 26, 2024

performance and prompt payment when due, whether at maturity or earlier by reason of acceleration or otherwise, of all Obligations" (such sum, the "Guaranteed Obligation"). Section 2 of the Guaranty further provides that "Lender shall not be required to pursue any right or remedy it may have against Borrower or Grantor under the Loan Documents or otherwise (and shall not be required first to commence any action or obtain any judgment against Borrower or Grantor) before enforcing this Guaranty against Guarantor."

Lender hereby provides notice that you are personally liable to Lender for the Guaranteed Obligation and accordingly, demands payment in full by you in the amount of the Indebtedness. To obtain remittance instructions and an up-to-date payoff amount, please contact me at 610-832-1840 or alberto_sanchez@keybank.com. Be advised that Lender may include actual or estimated legal fees and expenses arising from Borrower's default as contemplated by the Loan Documents in its determination of the Indebtedness.

Notwithstanding anything to the contrary contained in this letter, and irrespective of the Lender's receipt and acceptance of any payment by or on behalf of the Borrower or any other party on account of the outstanding Indebtedness, the Lender specifically does not waive, and does not agree to forbear, with respect to any one or more of its rights and remedies under the Loan Agreement, Security Agreement, Guaranty, Note, other Loan Documents or applicable law and reserves all of its rights under the Loan Agreement, Security Agreement, Guaranty, Note, other Loan Documents and applicable law with respect to any default or Event of Default which may have occurred, or the occurrence of any events which with the passage of time or the giving of notice, or both, would constitute a default or Event of Default under the Loan Agreement, Security Agreement, Guaranty, Note, or other Loan Documents. Nothing contained herein shall establish any course of dealing among the Lender and the Borrower that is inconsistent with the express terms of the Loan Agreement, Security Agreement, Guaranty, Note, or the provisions of any of the Loan Documents.

All existing obligations of the Borrower and Guarantor under the Loan Agreement and other Loan Documents shall remain in full force and effect.

Very truly yours,

KEYBANK NATIONAL ASSOCIATION

By: *Alberto Sanchez*

Alberto Sanchez

Vice President, Asset Recovery Group

Cc:    Curtis L. Tuggle, Esq., Thompson Hine LLP (curtis.tuggle@thompsonhine.com)